IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 26, 2017 at Knoxville

**CHARLES BRENDEN DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-A-180     Cheryl A. Blackburn, Judge**
_____

**No. M2016-02512-CCA-R3-PC – Filed May 23, 2017**
_____

The Petitioner's convictions were affirmed by this court on direct appeal and no Tennessee Rule of Appellate Procedure 11 application for permission to appeal was filed. The Petitioner filed an untimely petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and requesting that he be allowed to file a delayed Rule 11application. The post-conviction court summarily dismissed the petition. On appeal, the Petitioner argues that the post-conviction court erred in summarily dismissing his petition because the statute of limitations should be tolled under due process. After a thorough review of the record and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Charles Brenden Davis, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Factual and Procedural Background**

The Petitioner was indicted for two counts of aggravated burglary, theft of property valued at $1,000 or more but less than $10,000, theft of property valued at $500

or less, and employing a firearm during the commission of a dangerous felony. *State v. Charles B. Davis*, No. M2013-01903-CCA-R3-CD, 2015 WL 1275369, at *1 (Tenn. Crim. App. Mar. 18, 2015), *no perm. app. filed*. The Petitioner pled guilty to one count of aggravated burglary and was convicted by a jury of theft of property valued at $1000 or more but less than $10,000, theft of property valued at $500 or less, and employing a firearm during the commission of a dangerous felony. *Id.* at *3. The jury acquitted the Petitioner of the remaining count of aggravated burglary. *Id.* The trial court sentenced the Petitioner to an effective sentence of twenty years as a Range II, multiple offender. *Id.* On appeal, this court affirmed the Petitioner's convictions. *Id.* at *6.

*Post-Conviction Proceeding*

After this court issued its opinion affirming the Petitioner's convictions on direct appeal, the Petitioner's appellate counsel filed a motion to withdraw on April 1, 2015. In a letter also dated April 1, 2015, appellate counsel informed the Petitioner that he was withdrawing from the case, that he would not file a Rule 11 application on the Petitioner's behalf, that the Petitioner could file a Rule 11 application pro se if this court granted the motion to withdraw, and that the deadline for filing the application was on or before May 18, 2015. The letter stated four times that the Petitioner's deadline for filing a Rule 11 application was on May 18, 2015. This court granted appellate counsel's motion to withdraw on April 10, 2015.

The Petitioner did not file a Rule 11 application and instead filed an untimely petition for post-conviction relief on August 17, 2016. In his petition, the Petitioner sought to file a delayed Rule 11 application to seek review of his conviction by the Tennessee Supreme Court. The Petitioner asserted that on April 6, 2015, he received the letter from appellate counsel informing him that appellate counsel had filed a motion to withdraw and that his Rule 11 application was due on May 18, 2015, leaving the Petitioner only forty-one days to obtain his case file and transcripts, review the documents, and prepare and file his Rule 11 application. The Petitioner also asserted that "[d]ue process concerns require the tolling of a petition for post-conviction in regard to a request for a delayed appeal following unilateral termination of direct appeal following first-tier review, at no fault of [the P]etitioner's own."

On August 31, 2016, the post-conviction court summarily dismissed the Petitioner's claims on the ground that his petition was time-barred. The post-conviction court noted that the Petitioner did not "address why he filed his request for post-conviction relief outside the one-year statute of limitations period." The post-conviction court also noted that neither of the grounds for relief that the Petitioner raised, ineffective assistance of counsel and his request for a delayed Rule 11 application, fell under "any of

the recognized exceptions to the statute of limitations." Therefore, the post-conviction court denied relief to the Petitioner. Thereafter, the Petitioner filed a notice of appeal.[1]

## II. Analysis

The Petitioner argues that the post-conviction court erred in summarily dismissing his petition requesting a delayed Rule 11 application. He asserts that he "was denied his statutory and constitutional rights to his second-tier review at the direct appeal level."

*Timeliness of the Post-Conviction Petition*

The State contends that the Petitioner's petition is time-barred because he filed it more than a year after this court's opinion on his direct appeal was filed. The Petitioner concedes that the petition was filed outside the applicable statute of limitations but argues that the statute of limitations for his post-conviction petition should be tolled for due process concerns.

***Statutory Tolling Provisions***

The Post-Conviction Procedure Act states the following:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a). Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required[,]" "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[,]" or the petitioner "seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is

---

[1] The Petitioner asserts that he filed a notice of appeal on September 26, 2016. However, this notice of appeal was not included in the technical record, and it appears to have been received by our court on December 9, 2016, along with the Petitioner's second notice of appeal, dated December 3, 2016. The State argues that this court should dismiss this appeal because the notice of appeal was untimely. We will waive the timely notice of appeal in the interests of justice. *See* Tenn. R. App. P. 4(a).

asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]" Tenn. Code Ann. § 40-30-102(b).

The question of whether the one-year statute of limitations for filing a petition for post-conviction relief should be tolled under the Post-Conviction Procedure Act is a mixed question of law and fact that is subject to de novo review. *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014). In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. *Id.*; *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

There is no evidence in the record that the Petitioner's request for a delayed Rule 11 application is "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required." *See id.* at § 40-30-102(b)(1). There is also no evidence in the record that the Petitioner's claim is "based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[.]" *See id.* at § 40-30-102(b)(2). Finally, there is no evidence in the record that the Petitioner's claim "seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]" *See id.* at § 40-30-102(b)(3). Therefore, the Petitioner is not entitled to statutory tolling of the one-year filing deadline. We will next address whether due process concerns should toll the statute of limitations in this case.

### *Due Process Tolling*

Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*,

44 S.W.3d 464, 468 (Tenn. 2001). When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. *Id.* at 468-69. Due process concerns may toll the statute of limitations when the petitioner is mentally incompetent or if the petitioner's trial counsel misrepresented to the petitioner that trial counsel was still representing the petitioner, thereby precluding the petitioner from filing a pro se petition for post-conviction relief. *Id.* at 469 (citing *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)). Additionally, "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the 'final action of the highest state appellate court to which an appeal is taken'—or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run." *Sands v. State*, 903 S.W.2d 297, 301(Tenn. 1995) (quoting Tenn. Code Ann. § 40-30-102(a)); *see also Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992).

"A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner can establish the second prong of this test "when the [petitioner]'s attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner]'s interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id.* Additionally, establishing that he has pursued his rights diligently "does not require a [petitioner] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts[.] Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* (citing *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted).

While the Petitioner does not state with specificity which due process concerns are at issue in his case, we assume that the Petitioner argues that the statute of limitations should be tolled because of attorney misconduct. He states that appellate counsel retained possession of his case files throughout the statute of limitations for his Rule 11 application for permission to appeal.

In *Whitehead v. State*, the petitioner's appellate counsel miscalculated the deadline for filing for post-conviction relief and did not send the petitioner's case file to him until the correct deadline had passed. *Whitehead*, 402 S.W.3d at 621. In its application of the two-prong test to the petitioner's case, the supreme court determined that the petitioner had pursued his rights diligently; the petitioner began researching post-conviction case

law when he received the letter from his appellate counsel with the incorrect filing date and drafted a thirty-two-page petition, which he submitted by the incorrect deadline. *Id.* at 632. The supreme court also concluded that the petitioner "faced an extraordinary combination of circumstances that prevented him from filing his post-conviction petition on time-circumstances that were tantamount to attorney abandonment." *Id.* The supreme court based this conclusion on "the combination of [the petitioner]'s appellate lawyer's failures, including the misleading deadline and the retention of [the petitioner]'s files[]"; however, the supreme court noted that "[n]one of the failures, standing alone, would be sufficient[]" to rise to the level of attorney abandonment. *Id.* Therefore, the Tennessee Supreme Court held that, in the petitioner's case, "the principles of due process and fundamental fairness require that the statute of limitations" in the Post-Conviction Procedures Act be tolled. *Id.* at 634.

The Petitioner's circumstances can be distinguished from the petitioner's circumstances in *Whitehead*. The Petitioner does not allege that his appellate counsel miscalculated the date for filing a post-conviction petition. He instead states that he did not receive his case file until the deadline to file his Rule 11 application had passed. However, he does not claim that he was unable to timely file his petition for post-conviction relief because he still had not received his case file. The post-conviction court noted that the Petitioner did not "address why he filed his request for post-conviction relief outside the one-year statute of limitations period." In any event, even if the Petitioner had not received his case file by the deadline for filing his post-conviction petition, the Petitioner could have timely filed his post-conviction petition before his case file arrived and later amended the petition. *See id.* at 635 (Holder, J., dissenting). "No pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. Sup. Ct. R. 28, § 6(B)(4)(b). The Petitioner has failed to establish that he was prohibited from timely filing his petition for post-conviction relief by circumstances outside of his control. Because the petition is untimely and due process considerations do not require tolling of the statute of limitations, the post-conviction court properly dismissed the petition as time-barred.

### III. Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE